IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

NOV 1 0 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| KATHY PEREZ AND | § | |
| ROGELIO MUNOZ, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:_____ |
| | § | |
| CLAYTON HOMES, INC.;CMH HOMES, | § | |
| INC.; VANDERBILT MORTGAGE AND | § | |
| FINANCE, INC.; BENJAMIN JOSEPH | § | |
| FRAZIER and KEVIN T. CLAYTON | § | |

## *NOTICE OF REMOVAL*

NOW COME **CLAYTON HOMES, INC.; CMH HOMES, INC.; VANDERBILT MORTGAGE AND FINANCE, INC.; BENJAMIN JOSEPH FRAZIER; AND KEVIN T. CLAYTON**, Defendants, and state the following:

1.      Defendants file this Notice of Removal of the above-styled action currently pending in the 229th Judicial District Court in Duval County, Texas, Cause No. DC-04-334, pursuant to 28 U.S.C. §§1331, 1441, and 1446. This Honorable Court has jurisdiction over the action under the aforementioned statutes.

2.      This case involves a question arising under the laws or constitution of the United States, in that Plaintiff, by and through his Original Petition, as amended, have pled a cause of action (denominated "civil conspiracy" and "fraud" in their section headings) which states no cognizable claim or cause of action under substantive state law, but which purports to state a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et. seq. While Defendants expressly deny that they or any of them are liable under the terms of such Act, the

*Page - 1 -*

allegations set forth by Plaintiff nonetheless fall clearly within the framework of the civil remedies component of the Act set forth at §1964 thereof (i.e., an allegation of trafficking in forged or fraudulent "securities" as the term is defined at 18 U.S.C. §§ 2311 and 2314). This case has been pending less than one year, and this removal is effected less than thirty (30) days after Defendants' receipt of the first amended pleading filed by Plaintiff which states a federal claim or cause of action. Jurisdiction over the subject matter of this suit is proper pursuant to 28 U.S.C. § 1331.

3.     Attached hereto is the index and list of counsel required under the local rules of this Honorable Court.

4.     True and correct copies of all pleadings and process received by or served on Defendants, and all pleadings filed in the 229th Judicial District Court in Duval County, Texas herein, are attached hereto.

5.     Promptly after the filing of this notice, written notice of such filing will be given by Defendants to all other parties to this action as required by law, and a copy of this notice is also being filed with the Clerk of the District Court, Duval County, Texas, in which this cause was originally filed.

6.     All Defendants join in this removal.

WHEREFORE, Defendants ask that this Court effect the removal of this action from the 229th Judicial District Court in Duval County, Texas, to this Court, and for such other relief to which Defendants are entitled.

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN,**
**DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037      Fax: 361/ 884-5239

**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Federal Rules of Civil Procedure, on this the _10th_ day of

November, 2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

*Page - 3 -*

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384


Vaughan E. Waters

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KATHY PEREZ AND** | § | |
| **ROGELIO MUNOZ, JR.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.:_____** |
| | § | |
| **CLAYTON HOMES, INC.;CMH HOMES,** | § | |
| **INC.; VANDERBILT MORTGAGE AND** | § | |
| **FINANCE, INC.; BENJAMIN JOSEPH** | § | |
| **FRAZIER and KEVIN T. CLAYTON** | § | |

## *INDEX*

1.   Civil Cover Sheet.

2.   Counsel of Record.

3.   Defendants' Notice of Removal with copies of pertinent State Court pleadings as follows:

      a.   Civil Docket Sheet;

      b.   Plaintiffs' Original Petition;

4.   Notice of Removal to Plaintiff.

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037      Fax: 361/ 884-5239

_____

**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the ___/04___ day of November, 2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384

Vaughan E. Waters

# 79ᵀᴴ JUDICIAL DISTRICT COURT
# JIM WELLS COUNTY

| | |
|---|---|
| Cause No. 04-07-42694 | Teofilo Alaniz and Elvira Alaniz |
| Cause No. 04-07-42691 | Guadalupe G. Barrera and Delma Barrera |
| Cause No. 04-07-42683 | Frank C. Benavides |
| Cause No. 04-07-42684 | Guadalupe Cardona, Jr. |
| Cause No. 04-07-42686 | Patricia Farias |
| Cause No. 04-07-42685 | Rachel Farias, Raul Farias, Alfredo Farias, III, Sylvia F. Godines, Roxanne Trevino, Richard Trevino, Rita Ramos, and Evelia Farias |
| Cause No. 04-07-42688 | Martin Gonzalez and Mary Ann Gonzalez |
| Cause No. 04-07-42693 | Elizandro G. Herrera a/k/a Leo Herrera |
| Cause No. 04-07-42692 | Oscar Ortiz and Isabel V. Ortiz |
| Cause No. 04-07-42689 | Rolando Ramos |
| Cause No. 04-07-42690 | Josefa Torres Sanchez |
| Cause No. 04-10-42877 | Jose Falcon, Debbie Lee Falcon, Jesus Falcon, Jr., Juan Luis Falcon and Olinda Rivera |
| Cause No. 04-10-42878 | Odelia S. Rodriguez |
| Cause No. 04-10-42880 | Blas Ruiz, Jr. |
| Cause No. 04-10-42879 | Veronica R. Garza |
| Cause No. 04-10-42881 | Antonio M. DeLeon |
| Cause No. 04-07-42687 | Marcelino Garza and Manuela Garza |

# 229TH JUDICIAL DISTRICT COURT
# DUVAL COUNTY

| | |
|---|---|
| Cause No. DC-04-138 | Nora Cavazos and Idolina C. Galvan |
| Cause No. DC-04-188 | Manuel G. Chapa |
| Cause No. DC-04-258 | Guillermo Clarke, III and Edith Clarke Both Individually and as Next Friend of Johnathan Clarke, A Minor |
| Cause No. DC-04-134 | Esterelda S. Escamilla, Jesus Saavedra, Jr., and Esmeralda S. Trevino |
| Cause No. DC-04-173 | Carlos Garcia and Emeteria N. Garcia |
| Cause No. DC-04-259 | Minerva Martinez as Next Friend of Maria J. Gaitan |
| Cause No. DC-04-140 | Orlando Morin |
| Cause No. DC-04-174 | Horacio Oliveira and Lydia Olivarez |
| Cause No. DC-04-139 | Anita Perez |
| Cause No. DC-04-133 | Jose Sanchez |
| Cause No. DC-04-257 | Pedro S. Sanchez and Velia S. Sanchez |
| Cause No. DC-04-189 | Teodulo Saenz |
| Cause No. DC-04-137 | Vicente Saenz |
| Cause No. DC-04-136 | Zulema Uribe |
| Cause No. DC-04-335 | Odelia Garza |
| Cause No. DC-04-332 | Homero Contreras |
| Cause No. DC-04-338 | Domingo Santos and Esmeralda Santos |
| Cause No. DC-04-333 | Regino Salinas and Amelia C. Salinas |
| Cause No. DC-04-334 | Kathy Perez and Rogelio Munoz, Jr. |
| Cause No. DC-04-336 | Martin Contreras |
| Cause No. DC-04-337 | Leobardo Perez |
| Cause No. DC-04-135 | Jose Luis Garza and Marcelina Garza |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KATHY PEREZ AND** | § | |
| **ROGELIO MUNOZ, JR.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.:**_____ |
| | § | |
| **CLAYTON HOMES, INC.;CMH HOMES,** | § | |
| **INC.; VANDERBILT MORTGAGE AND** | § | |
| **FINANCE, INC.; BENJAMIN JOSEPH** | § | |
| **FRAZIER and KEVIN T. CLAYTON** | § | |

## *COUNSEL OF RECORD*

(1)  Jeffrey G. Wigington
    David L. Rumley
    **WIGINGTON RUMLEY, L.L.P.**
    800 North Shoreline
    14th Floor - South Tower
    Corpus Christi, Texas 78401
    361/885-7500        Fax: 361/885-0487

    Baldemar Gutierrez
    **LAW OFFICES OF BALDEMAR GUTIERREZ**
    700 East 3rd Street
    Alice, Texas 78332
    361/664-7377        Fax: 361/664-7245

    Charles L. Barrera
    **BARRERA & BARRERA LAW FIRM**
    107 S. Seguin
    San Diego, Texas 78384
    361/664-2153        Fax: 361/279-2508
    **ATTORNEYS FOR PLAINTIFFS**



(2)    **Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
**THORNTON, SUMMERS, BIECHLIN,**
   **DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037    Fax: 361/ 884-5239
**ATTORNEYS FOR DEFENDANTS**

        Respectfully submitted,

        **THORNTON, SUMMERS, BIECHLIN,**
          **DUNHAM & BROWN, L.C.**
        Bank of America - Suite 1000
        500 North Shoreline Blvd.
        Corpus Christi, Texas 78471
        361/ 884-2037    Fax: 361/ 884-5239

        _____
        **Joseph L. Segrato**
        Federal Id No: 19965
        State Bar No: 17993000
        **Robert L. Guerra**
        Federal Id No: 3781
        State Bar No: 08578560
        **Vaughan E. Waters**
        Federal ID. No: 9206
        State Bar No. 20916700
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the _10th_ day of November, 2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384

_____
Vaughan E. Waters

*Page - 3 -*

## CAUSE NO: DC-04-334

| | | |
|---|---|---|
| **KATHY PEREZ AND** | § | **IN THE DISTRICT COURT** |
| **ROGELIO MUNOZ, JR.** | § | |
| | § | |
| **VS.** | § | **229TH JUDICIAL DISTRICT** |
| | § | |
| **CLAYTON HOMES, INC.;CMH HOMES,** | § | |
| **INC.; VANDERBILT MORTGAGE AND** | § | |
| **FINANCE, INC.; BENJAMIN JOSEPH** | § | |
| **FRAZIER and KEVIN T. CLAYTON** | § | **DUVAL COUNTY, TEXAS** |

## *NOTICE OF REMOVAL*

TO THE HONORABLE JUDGE OF THIS COURT:

Please take notice that CLAYTON HOMES, INC.; CMH HOMES, INC.; VANDERBILT MORTGAGE AND FINANCE, INC.; BENJAMIN JOSEPH FRAZIER; AND KEVIN T. CLAYTON, Defendants in this action, pursuant to federal law, filed with the clerk in the United States Court for the Southern District of Texas, Corpus Christi Division, a Notice of Removal, a copy of which is attached and filed with this document, and that this action is removed to the United States District Court for trial as of today, the 10th day of November, 2004.   This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by Order of the United States District Court.

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037       Fax: 361/ 884-5239

_____

**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the _10th_ day of November, 2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384

Vaughan E. Waters

Kevin J. Clayton;
Clayton Homes Inc.;
CMH Homes Inc.;
Vanderbilt Mortgage and
Finance Inc.; Carl Benjamin;
Joseph Brazier

| Month | Day | Year | CLERK'S FEES | Pltffs. | Defts. | SHERIFF'S FEES | Pltffs. | Defts. | TO WHOM PAID |
|---|---|---|---|---|---|---|---|---|---|
| 10 | 14 | 04 | Filing fee | | 100 00 | | | | |
| 10 | 14 | 04 | Plaintiffs' Original Petition | | | | | | |
| 10 | 15 | 04 | Issuing a Citation | 16 00 | Sh. J. B. | | | | |
| | | | 1 copy + RTC | | | | | | |
| | | | | | | Jury fee | 5 00 | | |
| | | | | | | **WITNESS FEES** | | | |

| DATE | | | CREDITS | BY WHOM PAID | | TOTAL |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Plaintiff | Defendant | |
| 10 | 14 | 04 | Belington + Rhodes Clk 3827 | | | 221 00 |
| | | | " | | | |
| | | | " | | | |
| | | | " | | | |
| | | | " | | | |
| | | | **Grand Total of Credits** | | | |

| DATE | | | RECEIPTS OF OFFICERS, WITNESSES, ETC. | |
|---|---|---|---|---|
| Month | Day | Year | | |
| 11 | 3 | 04 | Rec'd of Dist. Clerk, $ 50.00 | State |
| 11 | 3 | 04 | Rec'd of Dist. Clerk, $ 5.00 | County |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |
| | | | Rec'd of Dist. Clerk, $ | |

**RECAPITULATION**

| | | | | | |
|---|---|---|---|---|---|
| | | | Clerk's Costs, | | |
| | | | Sheriff's Costs, | | |
| | | | Witness' Costs, Out A | 5 | 00 |
| 10 | 14 | 04 | Jury Fees, Clk 3829 | 30 | 00 |
| | | | Printer's Fees, Also Rec. | 10 | 00 |
| | | | Notary's Deposition, Etc. Declerck | 5 | 00 |
| | | | Amount of Judgment, | | |

CAUSE NO. DC-04-334

| | | |
|---|---|---|
| KATHY PEREZ AND | § | IN THE DISTRICT COURT |
| ROGELIO MUNOZ, JR. | § | |
| | § | |
| VS. | § | |
| | § | |
| KEVIN T. CLAYTON; | § | |
| CLAYTON HOMES, INC.; | § | 229TH  JUDICIAL DISTRICT |
| CMH HOMES, INC.; | § | |
| VANDERBILT MORTGAGE AND | § | |
| FINANCE, INC.; AND BENJAMIN | § | |
| JOSEPH FRAZIER | § | DUVAL COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kathy Perez and Rogelio Munoz, Jr., Plaintiffs herein, complaining of Kevin T. Clayton, Clayton Homes, Inc., CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc., and Benjamin Joseph Frazier, Defendants herein, and for their cause of action would show as follows:

### I.
### DISCOVERY TRACK

1.1    Plaintiffs plead that this case should be assigned to Discovery Track Three.

### II.
### THE PARTIES

2.1    Plaintiffs Kathy Perez and Rogelio Munoz, Jr. are citizens of the United States and are residents of the state of Texas.

2.2    Defendant, Kevin T. Clayton, is a non-resident, individual, doing business, engaging in business and transacting business throughout the state of Texas, and who has been granted, sold, and conveyed property situated in virtually every county in the State of Texas and may be served pursuant to the Texas Long-Arm



Statute, Texas Civil Practice & Remedies Code Section 17.041-.045, through the Secretary of State of Texas. **Defendant's home address is 102 River Place, Louisville, Tennessee 37777.**

2.3     Defendant, Clayton Homes, Inc., a wholly owned subsidiary of Berkshire Hathaway, Inc. and the successor corporation of Clayton Homes, Inc., a Tennessee corporation, is a foreign corporation, incorporated in the state of Delaware, doing business, engaging in business and transacting business in the state of Texas, with business offices throughout the state of Texas and having its principal place of business in the state of Texas in Comal County, and may be served pursuant to the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code Section 17.041-.045, through the Secretary of State of Texas **at Wilmington Trust SP Services, Inc., 1105 N. Market Street, Suite 1300, Wilmington, Delaware 19801.**

2.4     Defendant, CMH Homes, Inc., is foreign corporation, incorporated in the state of Tennessee, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service of process, **C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.**

2.5     Defendant, Vanderbilt Mortgage and Finance, Inc., is a foreign corporation, incorporated in the state of Tennessee, doing business, engaging in business and transacting business in the state of Texas, and may be served with process by serving its Texas registered agent for service of process, **C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.**

2.6     Defendant, Benjamin Joseph Frazier, is an individual and a citizen and resident of Nueces County, Texas, and may be served with process at **8146 Douglas, Corpus Christi, Texas 78408.**

## III.
## VENUE AND JURISDICTION

3.1     Venue is proper in Duval County, Texas, by virtue of Section 12.004, Texas Civil Practice and Remedies Code, because Duval is the county in which the fraudulent documents were recorded by Defendants, the county in which the property was conveyed to the Defendants, the County in which the conduct complained of herein occurred and because Duval County is the county in which the land is situated in Texas.

3.2     Clayton Homes, Inc. engages in business throughout the state of Texas, having its principal place of business within the state of Texas in Comal County, Texas. Clayton Homes, Inc. engages in the sale, retail, marketing, advertising, manufacturing, and financing of manufactured homes throughout the state of Texas.  In conducting its business activities within this state, Clayton Homes, Inc. has purposely established minimum contacts within the state of Texas and the exercise of jurisdiction in Texas comports with fair play and substantial justice.  By engaging in business activities throughout the state of Texas, Clayton Homes, Inc. not only purposely availed itself of the privilege of conducting business in this state, but by its business activities invoked the benefits and protections of the laws of the state of Texas. Clayton Homes, Inc.'s business activities in Texas are not random, fortuitous, or attenuated.  Clayton Homes, Inc. has repeatedly purposely availed itself of the laws of the state of Texas by purposely submitting itself to the jurisdiction of Texas Courts both as a Plaintiff and a Defendant.

3.3     Kevin T. Clayton was conveyed the property in question by way of a fraudulent Deed of Trust.  Specifically, the fraudulent Deed of Trust in question granted, sold and conveyed the property in question to Kevin T. Clayton.  Further, pursuant to said fraudulent document, Kevin T. Clayton purportedly paid TEN AND

NO/100 ($10.00) to Plaintiffs for the property in question which is purportedly acknowledged by the forged signatures on said Deed of Trust. This conveyance occurred within this County.

## IV.
## STANDING

4.1     Plaintiffs have standing to bring this suit pursuant to Section 12.003 (a)(8) Texas Civil Practice and Remedies Code in that the Plaintiffs owned an interest in real property that was covered by the fraudulent documents created and filed by the Defendants.

## V.
## FACTS

5.1     On or about October 2, 2002 Defendants forged the signature of Kathy Perez to a Deed of Trust that fraudulently conveyed ownership of land situated in Duval County, Texas, to Defendants and then filed or caused to be filed the fraudulent Deed of Trust in Duval County, Texas with the specific intent that the documents filed represent valid ownership in the property by the Defendants.

5.2     On or about October 2, 2002 Defendants forged the signature of Rogelio Munoz, Jr. to a Deed of Trust that fraudulently conveyed ownership of land situated in Duval County, Texas, to Defendants and then filed or caused to be filed the fraudulent Deed of Trust in Duval County, Texas with the specific intent that the documents filed represent valid ownership in the property by the Defendants.

5.3     Plaintiffs would show the Court that the fraudulent record related to the transfer of land, named Kevin T. Clayton as the Trustee.  Plaintiffs would show the Court that as President and CEO of both Clayton Homes, Inc. and CMH Homes, Inc., Kevin T. Clayton had the ultimate authority over the single business enterprise known as Clayton Homes.   Through this unfettered power, Kevin T. Clayton not only

authorized but encouraged the sale of manufactured homes at any cost to insure a profit.  In addition, Kevin T. Clayton through his unfettered power, instructed his employees to name himself, individually, as the trustee in all Deeds of Trust filed in the state of Texas in an effort not only to maximize his own wealth to the expense of the people in Texas, but to maximize profit to the company by fraudulently taking collateral through forgery in an effort to finance and sell a manufactured home. Through the fraudulent conduct of the Defendants, including Kevin T. Clayton, Kevin T. Clayton was named as the Trustee in the forged documents described herein.

5.4    Plaintiffs would further show the Court that the Clayton Homes Defendants and Kevin T. Clayton created a scheme to defraud the American public by selling homes via a land in lieu transaction wherein they would use the land owned by someone other than the individual purchasing the manufactured home in question.  No other manufactured home company in the United States uses this fraudulent scheme to sell homes.  The only way the Clayton Home Defendants are able to use their scheme to sell manufactured homes is because they own the financing company, Defendant, Vanderbilt Mortgage. Knowing that their sales employees would have a difficult time in getting individuals who do not benefit in any way in someone else purchasing a manufactured home to sign away the rights to their family farms and ranches, these Defendants inserted a notary verification that did not require the individual who purportedly signed the documents related to land to appear before a Notary Public to sign the documents.  Instead, Clayton Homes included a Notary Public block that purposely allowed their sales employees to notarize documents when the signatory did not sign said documents in their presence.  Clayton Homes knew that if their sales employees were required to actually witness the land owner who benefits in no way from the land in lieu transaction signing the documents, that their land in lieu scheme

of selling manufactured homes would fail.  In furtherance of this scheme, Clayton Homes actually paid its employees to become notaries to carry out their employment duties with Clayton Homes.  Yet, Clayton Homes failed to provide any training to its employees regarding the notarization of documents, failed to provide any guidelines regarding the notarization of documents, failed to have any unwritten policies or procedures concerning the notarization of documents, failed to have any written policies and procedures in place regarding the notarization of document, encouraged and authorized its employees to notarize documents in which such employee had a financial interest.

5.5     Plaintiffs would further show the Court that the Defendants, Clayton Homes, Inc., CMH Homes, Inc., and Vanderbilt Mortgage operate as a single business enterprise of producing, selling, marketing, financing, and insuring manufactured homes.  As a single business enterprise, each of these companies has integrated resources and operations to achieve a common business purpose.  As a single business enterprise, each company shares common officers, common name, centralized management, shared accounting, common offices, common employees, and shared allocation of profits and losses between each enterprise.  As a single business enterprise, these companies have participated, approved, authorized, ratified, and encouraged the conduct complained of herein.  Each company as a single business enterprise has profited from the conduct complained of herein.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANTS

6.1     Specifically, as described above, Plaintiffs allege that Defendants filed in Duval County, Texas fraudulent court documents, a fraudulent lien, and/or a fraudulent claim against real property situated in Duval County, Texas with the intent

---

that the document or other record fraudulently signed evidences a valid lien or claim against real property by Defendants with the intent to cause Plaintiffs to suffer physical injury, financial injury, mental anguish, and emotional distress.

## VII.
## CIVIL CONSPIRACY

7.1    Plaintiffs would further show the Court that the conduct of Kevin T. Clayton, Clayton Homes, Inc., CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc., constitutes a civil conspiracy to commit fraud and forgery on the American public. Plaintiffs allege that these Defendants were fully aware, approved and authorized fraud and forgery within the business model of Clayton Homes in an effort to sell a manufactured home at any cost. Specifically, these Defendants were fully aware of the conduct complained of in this suit was occurring and failed to take any action to stop the fraud and forgery from occurring. The extent of such civil conspiracy is demonstrated by similar acts of fraud and forgery occurring in virtually every state in which Clayton Homes does business. The above-named Defendants conspired to defraud the American Public by specifically authorizing the acts described herein.

## VIII.
## FRAUD

8.1    Plaintiffs would further show the Court that the conduct of Kevin T. Clayton, Clayton Homes, Inc., CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc., amounts to fraud. Each of the above Defendants actively participated in the conduct described herein.

8.2    Specifically, Plaintiffs would show the Court that the fraudulent record related to the transfer of land, named Kevin T. Clayton as the Trustee. Plaintiffs would show the Court that as President and CEO of both Clayton Homes, Inc. and CMH

Homes, Inc., Kevin T. Clayton had the ultimate authority over the single business enterprise known as Clayton Homes. Through this unfettered power, Kevin T. Clayton not only authorized but encouraged the sale of manufactured homes at any cost to insure a profit. In addition, Kevin T. Clayton through his unfettered power, instructed his employees to name himself, individually, as the Trustee in all Deeds of Trust filed in the state of Texas in an effort not only to maximize his own wealth to the expense of the people in Texas, but to maximize profit to the company by fraudulently taking collateral through forgery in an effort to finance and sell a manufactured home. Through the fraudulent conduct of the Defendants, including Kevin T. Clayton, Kevin T. Clayton was named as the Trustee in the forged documents described herein.

8.3    Plaintiffs would further show the Court that the Clayton Homes Defendants and Kevin T. Clayton created a scheme to defraud the American public by selling homes via a land in lieu transaction wherein they would use the land owned by someone other than the individual purchasing the manufactured home in question. No other manufactured home company in the United States uses this fraudulent scheme to sell homes. The only way the Clayton Home Defendants are able to use their scheme to sell manufactured homes is because they own the financing company, Defendant, Vanderbilt Mortgage.

8.4    Knowing that their sales employees would have a difficult time in getting individuals who do not benefit in any way in someone else purchasing a manufactured home to sign away the rights to their family farms and ranches, these Defendants inserted a notary verification that did not require the individual who purportedly signed the documents related to land to appear before a Notary Public to sign the documents. Instead, Clayton Homes included a Notary Public block that purposely allowed their sales employees to notarize documents when the signatory did not sign

said documents in their presence. Clayton Homes knew that if their sales employees were required to actually witness the land owner who benefits in no way from the land in lieu transaction signing the documents, that their land in lieu scheme of selling manufactured homes would fail. In furtherance of this scheme, Clayton Homes actually paid its employees to become notaries to carry out their employment duties with Clayton Homes. Yet, Clayton Homes failed to provide any training to its employees regarding the notarization of documents, failed to provide any guidelines regarding the notarization of documents, failed to have any unwritten policies or procedures concerning the notarization of documents, failed to have any written policies and procedures in place regarding the notarization of document, encouraged and authorized its employees to notarize documents in which such employee had a financial interest.

## IX.
## NEGLIGENCE/MALICE

9.1    Plaintiffs would further show the Court that Clayton Homes, Inc., CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc., by and through its agent, servant, ostensible agent, agent by estoppel or borrowed employee, Defendant Benjamin Frazier, who was acting within the course, scope, and authority of such agency relationship and who was acting on behalf of and for the benefit of Clayton Homes, Inc., CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc., is vicariously responsible for the fraudulent acts and forgery of Defendant, Benjamin Frazier based on the theory of Respondeat Superior.

9.2    Plaintiffs would further show the Court that Clayton Homes, Inc., CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc., by and through its agent, servant, ostensible agent, agent by estoppel or borrowed employee, Defendant Kevin T.

Clayton, who was acting within the course, scope, and authority of such agency relationship and who was acting on behalf of and for the benefit of Clayton Homes, Inc., CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc., is vicariously responsible for the fraudulent acts of Defendant, Kevin T. Clayton based on the theory of Respondeat Superior.

9.3    Plaintiffs further assert and allege that at the time of the conduct described herein that Defendants, Clayton Homes, Inc., CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc., Kevin T. Clayton, and Benjamin Frazier were guilty of various acts and/or omissions which constituted negligence and malice, including but not limited to the following:

1.    failing to have appropriate policies and procedures in place to prevent fraud and forgery from occurring;

2.    failing to have appropriate policies and procedures in place concerning the proper notarization of documents;

3.    failing to properly train its employees;

4.    creating a business model with a system of compensation that promotes and encourages fraud and forgery;

5.    failing to take any action to prevent further fraud and forgery when they knew or reasonably should have known that fraud was occurring;

6.    failing to implement proper policies and procedures to insure that fraud and forgery is not occurring in land in lieu transactions;

7.    failing to inspect the signatures upon receipt of said documents for authenticity before approving the land in lieu transaction;

8.    failing to properly train and/or supervise its employees to insure that fraud and forgery is not occurring;

9.    allowing its employees to notarize documents when the signatory did not sign said document in front of said employee;

10. failing to take any action to correct or remedy the fraudulent conduct described herein after Defendants discovered the conduct of Benjamin Frazier nearly two years ago;

11. allowing its employees to notarize documents related to a transaction in which they have a financial interest;

12. failing to have any written policies and procedures related to the notarization of documents;

13. failing to have any oral policies and procedures related to the notarization of documents;

14. failing to supervise its employees;

15. failing to discipline its employees for fraudulent conduct; and

16. failing to review this transaction for forgeries and other fraud prior to approval of the land in lieu transaction.

Each and all of the above mentioned acts of omission and/or commission constituted negligence and malice and were a proximate cause of damages to Plaintiffs and for which Plaintiffs hereby seek recovery.

9.4    Plaintiffs further plead the discovery rule.  As a result of the above-described conduct of the Defendants, Plaintiffs did not discover the wrongful conduct described herein until immediately preceding the filing of suit in this cause.  In fact, Defendants knowingly concealed the fraud by failing to provide copies of the purported documents related to land that were filed in the County records to the Plaintiffs and failure to provide Notice of Recession as required by Federal law.

9.5    Plaintiffs further assert and allege that the acts of omission and/or commission of Defendants collectively and/or severely constituted gross negligence and malice in that these Defendants acted with conscience indifference to the rights, safety, or welfare of Plaintiffs and to the Texas and American public.

# X.
## DAMAGES

10.1    Kathy Perez seeks as damages all damages to which she is legally entitled to pursuant to Section 12.002 (b) Texas Civil Practice and Remedies Code, including the greater of $10,000.00 or actual damages caused by the violation and court costs, to include all related expenses of bringing this action, including investigative expenses, attorney's fees and exemplary damages.  She also seeks as damages all damages to which she is entitled for the conduct of the Defendants as described in detail above, including punitive and exemplary damages as allowed by law.

10.2    Kathy Perez further specifically pleads that the limitation on amount of recovery of punitive damages as set out by Section 41.008 of the Texas Civil Practice & Remedies Code does not apply to the cause of action pled by Plaintiff in that forgery is specifically exempted from any limitation on recovery of punitive damages.

10.3    Rogelio Munoz, Jr. seeks as damages all damages to which he is legally entitled to pursuant to Section 12.002 (b) Texas Civil Practice and Remedies Code, including the greater of $10,000.00 or actual damages caused by the violation and court costs, to include all related expenses of bringing this action, including investigative expenses, attorney's fees and exemplary damages.  He also seeks as damages all damages to which he is entitled for the conduct of the Defendants as described in detail above, including punitive and exemplary damages as allowed by law.

10.4    Rogelio Munoz, Jr. further specifically pleads that the limitation on amount of recovery of punitive damages as set out by Section 41.008 of the Texas Civil Practice & Remedies Code does not apply to the cause of action pled by Plaintiff in that forgery is specifically exempted from any limitation on recovery of punitive damages.

## XI.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

11.1    Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XII.
## JURY DEMAND

12.1    Plaintiffs request a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor ◆ South Tower
Corpus Christi, TX  78401
Telephone:    (361) 885-7500
Facsimile:    (361) 885-0487

By: _____
David L. Rumley
State Bar No. 00791581
Jeffrey G. Wigington
State Bar No. 00785246

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, TX  78332
Telephone:     (361) 664-7377
Facsimile:      (361) 664-7245
State Bar No. 08640500

### AND

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas  78384
P. O. Drawer 1339
Alice, TX  78333
Telephone:     (361) 664-2153
Facsimile:      (361) 279-2508
State Bar No. 01805500

**ATTORNEYS FOR PLAINTIFFS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KATHY PEREZ AND** | § | |
| **ROGELIO MUNOZ, JR.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.:_____** |
| | § | |
| **CLAYTON HOMES, INC.;CMH HOMES,** | § | |
| **INC.; VANDERBILT MORTGAGE AND** | § | |
| **FINANCE, INC.; BENJAMIN JOSEPH** | § | |
| **FRAZIER and KEVIN T. CLAYTON** | § | |

## *NOTICE OF REMOVAL TO PLAINTIFFS*

TO:   **KATHY PEREZ AND ROGELIO MUNOZ, JR.,**   Plaintiffs, by and through their attorneys of record, Jeffrey G. Wigington/David L. Rumley, **WIGINGTON RUMLEY, L.L.P.,** 800 North Shoreline, 14th Floor - South Tower, Corpus Christi, Texas 78401.

Please take notice that the civil action, in which KATHY PEREZ AND ROGELIO MUNOZ, JR., are named as Plaintiffs, brought in Cause No. DC-04-334, in the 229th Judicial District Court in Duval County, Texas, styled: "Kathy Perez and Rogelio Munoz, Jr.  vs. Clayton Homes, Inc.; CMH Homes, Inc.; Vanderbilt Mortgage and Finance, Inc.; Benjamin Joseph Frazier and Kevin T. Clayton", has been removed from that Court to the United States District Court for the Southern District of Texas, Corpus Christi Division, effective the 10th day of November, 2004.  On this day, a Notice of Removal, a copy of which is attached and hereby marked as Exhibit "A" and incorporated herein by reference, was filed with the Clerk of the United States District Court, and a copy of the Notice of Removal has been filed with the Clerk of the State Court, effecting removal pursuant to 28 U.S.C. §1446.



*Page - 1 -*

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN,
   DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037       Fax: 361/ 884-5239

_____

**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Federal Rules of Civil Procedure, on this the _10th_ day of

November, 2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

*Page - 2 -*

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384


Vaughan E. Waters

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KATHY PEREZ AND** | § | |
| **ROGELIO MUNOZ, JR.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.:_____** |
| | § | |
| **CLAYTON HOMES, INC.;CMH HOMES,** | § | |
| **INC.; VANDERBILT MORTGAGE AND** | § | |
| **FINANCE, INC.; BENJAMIN JOSEPH** | § | |
| **FRAZIER and KEVIN T. CLAYTON** | § | |

## *CERTIFICATE OF NOTICE OF FILING*

The undersigned, attorneys of record for Defendants CLAYTON HOMES, INC.; CMH

HOMES, INC.; VANDERBILT MORTGAGE AND FINANCE, INC.; BENJAMIN JOSEPH

FRAZIER and KEVIN T. CLAYTON, certify that on the 10th day of November, 2004, a copy of the

Notice of Removal of this action was filed with the Clerk of the 229th Judicial District Court in and

for Duval County, Texas and that written notice of filing of the Notice of Removal was mailed to

the party named above as Plaintiffs in this action to their attorney of record. Attached to the notices

were copies of the Notice of Removal. Removal of this action is effective as of that date, pursuant

to 28 U.S.C. § 1446.

*Page - 1 -*

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN,**
   **DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037        Fax: 361/ 884-5239

**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Federal Rules of Civil Procedure, on this the _10th_ day of

November, 2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

*Page - 2 -*

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384


Vaughan E. Waters

✎JS 44   (Rev. 3/99)                      CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Kathy Perez and Rogelio Munoz, Jr.

**DEFENDANTS**

Clayton Homes, Inc.; CMH Homes, Inc.; Vanderbilt Mortgage and Finance, Inc.; Benjamin Joseph Frazier and Kevin T. Clayton

**(b)** County of Residence of First **Duval**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David L. Rumley/Jeffrey G. Wigington
WIGINGTON RUMLEY, L.L.P.
800 N. Shoreline - 14th Floor - South Tower
Corpus Christi, Texas 78401 (361/885-7500)

Attorneys (If Known)
Joseph L. Segrato/Robert L. Guerra/Vaughan E. Waters
THORNTON & SUMMERS
500 N. Shoreline Blvd. –Bank of America - Suite 1000
Corpus Christi, Texas 78471 (361/884-2037)

---

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 871 IRS—Third Party | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

---

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1331 - this is an action originally brought in state district court in which Plaintiffs allege facts stating a claim under the civil RICO statute, involving alleged trafficking in forged deeds of trust.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE  See appended list of related cases being removed   DOCKET NUMBER _____

DATE  10 NOV 2004   SIGNATURE OF ATTORNEY OF RECORD  Vaughan E. Waters

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____