United States Courts
Southern District of Texas
FILED

NOV 15 2004

Michael N. Milby, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| KATHY PEREZ AND | § | |
| ROGELIO MUNOZ, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 0 4-5 79 |
| | § | |
| CLAYTON HOMES, INC.;CMH HOMES, | § | |
| INC.; VANDERBILT MORTGAGE AND | § | |
| FINANCE, INC.; BENJAMIN JOSEPH | § | |
| FRAZIER and KEVIN T. CLAYTON | § | |

## *DEFENDANT KEVIN T. CLAYTON'S RULE 12(b)(2)*
## *MOTION TO DISMISS AND ALTERNATIVE*
## *MOTION TO TRANSFER VENUE, AND, SUBJECT THERETO,*
## *DEFENDANT'S ORIGINAL ANSWER*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **KEVIN T. CLAYTON**, Defendant herein, and files this his Rule 12(b)(2)

Motion to Dismiss and Alternative Motion to Transfer Venue, And, Subject Thereto, Defendant's

Original Answer; and for cause would respectfully show this Honorable Court as follows:

**I.**

**MOTION TO DISMISS**

(1)    By Notice of Removal dated November 10, 2004 Defendant removed the instant

cause to this Honorable Court from the 229th Judicial District Court of Duval County, Texas,

pursuant to 28 U.S. C. §1446(a), this being the district court of the United States for the district and

division within which such state action was pending.  This is the first responsive pleading filed by

Defendant either in state court or in this Honorable Court.

(2)    Defendant now respectfully points out that this Honorable Court does not have

jurisdiction over him, an individual, for the reason that such Defendant is not amenable to process issued by the courts of the State of Texas; and further that said Defendant does not reside in or have offices in the State of Texas, is not required to maintain and does not maintain a registered agent for service in the State of Texas, does not engage and has not engaged in business in the State of Texas such as to constitute continuing and systematic minimum contacts with the state, has not committed any tort in whole or in part within the State of Texas, does not maintain a residence or a place of business in the State of Texas, and has no employees, servants, or agents within the State of Texas. Defendant further asserts that the assumption of jurisdiction over him by this Honorable Court would offend traditional notions of fair play and substantial justice, depriving such Defendant of due process as guaranteed by the Constitution of the United States. In that regard, Defendant KEVIN T. CLAYTON, is an individual who resides at his domicile in Louisville, Tennessee, and who is employed in the State of Tennessee.

(3)     Accordingly, Defendant KEVIN T. CLAYTON respectfully requests that this Honorable Court enter an order dismissing this cause, as to him individually, for lack of jurisdiction over his person.

## II.

### ALTERNATIVE MOTION TO TRANSFER VENUE

(4)     In the alternative, and in all respects subject to and without waiver of the foregoing, and while in all respects expressly denying the in personam jurisdiction of this Honorable Court or of the state courts of the State of Texas over him, said Defendant respectfully requests as an alternative to dismissal for lack of in personam jurisdiction that this Honorable Court transfer this cause, as to him individually, to a United States District Court of proper venue and in which

*Page - 2 -*

jurisdiction properly lies, that being the United States District Court for the eastern district of Tennessee.

### III.

### ORIGINAL ANSWER SUBJECT TO AND WITHOUT WAIVER OF
### MOTION TO DISMISS

In all respects subject to and without waiving the foregoing, Defendant KEVIN T. CLAYTON respectfully submits his Original Answer herein and, addressing *seriatim* the allegations of Plaintiffs' Original Petition, would respectfully show this Honorable Court as follows:

(5)    Responding to the party allegations of paragraph series 2 of Plaintiffs' Original Petition, as amended, Defendant admits on information and belief that Plaintiffs are citizens of the United States and residents of the State of Texas.   Defendant generally admits on information and belief the jurisdictional averments as to co-Defendants CMH HOMES, INC., VANDERBILT MORTGAGE AND FINANCE, INC., and BENJAMIN JOSEPH FRAZIER. Defendant admits that co-Defendant CLAYTON HOMES, INC. is a foreign corporation, incorporated in the State of Delaware; except as expressly admitted, Defendant denies all jurisdictional allegations concerning co-Defendant CLAYTON HOMES, INC. (NOTE: Defendant is informed and believes that co-Defendant CLAYTON HOMES, INC. has appeared in the underlying state court action and has withdrawn a challenge to the state court's jurisdiction, by agreement between itself and Plaintiffs.) As to himself individually, Defendant admits that he is a non-resident individual; except as expressly admitted, Defendant denies all jurisdictional allegations concerning himself, and specifically denies that he is "engaging in business and transacting business throughout the State of Texas", and that he "has been granted, sold, and conveyed property situated in virtually every county in the State of

*Page - 3 -*

Texas".

(6)    Defendant denies the venue and jurisdiction allegations of paragraph 3.1 of Plaintiffs' Original Petition, as amended, and would show that such matters are pertinent only to the underlying state court action.

(7)    Defendant denies the venue and jurisdiction allegations of paragraph 3.2 in their entirety.

(8)    Defendant denies the venue and jurisdiction allegations of paragraph 3.3 in their entirety.

(9)    Defendant denies the standing allegations of paragraph 4.1 in their entirety.

(10)    Defendant denies the allegations of paragraph 5.1 in their entirety.

(11)    Defendant denies the allegations of paragraph 5.2 in their entirety.

(12)    As to the allegations of paragraph 5.3, Defendant admits only that his name appears on the subject Deed of Trust in the capacity of a trustee; except as expressly admitted, Defendant denies the allegations of paragraph 5.3 in their entirety.

(13)    Defendant denies the allegations of paragraph 5.4 in their entirety.

(14)    Defendant denies the allegations of paragraph 5.5 in their entirety.

(15)    Defendant denies the allegations of paragraph 6.1 in their entirety.

(16)    Defendant denies the allegations of paragraph 7.1 in their entirety.

(17)    Defendant denies the allegations of paragraph 8.1 in their entirety.

(18)    As to the allegations of paragraph 8.2, Defendant admits only that his name appears on the subject Deed of Trust in the capacity of a trustee; except as expressly admitted, Defendant denies the allegations of paragraph 8.2 in their entirety.

(19)    Defendant denies the allegations of paragraph 8.3 in their entirety.

(20)    Defendant denies the allegations of paragraph 8.4 in their entirety.

(21)    As to paragraph 9.1, Defendant admits on information and belief that BENJAMIN JOSEPH FRAZIER was an employee of CMH HOMES, INC. at the time in question; except as expressly admitted, Defendant denies the allegations of paragraph 9.1 in their entirety.

(22)    As to paragraph 9.2, Defendant admits only that he was and is an employee of CLAYTON HOMES, INC.; except as expressly admitted, Defendant denies the allegations of paragraph 9.2 in their entirety.

(23)    Defendant denies the allegations of paragraph 9.3 in their entirety.

(24)    Defendant denies the allegations of paragraph 9.4 in their entirety.

(25)    Defendant denies the allegations of paragraph 9.5 in their entirety.

(26)    Defendant denies the allegations of paragraph 10.1 in their entirety.

(27)    Defendant denies the allegations of paragraph 10.2 in their entirety.

(28)    Defendant denies the allegations of paragraph 10.3 in their entirety.

(29)    Defendant denies the allegations of paragraph 10.4 in their entirety.

(30)    Defendant denies the allegations of paragraph 11.1 in their entirety.

**IV.**

**AFFIRMATIVE DEFENSES SUBJECT TO MOTION TO DISMISS**

(31)    Defendant would show that Plaintiffs have failed to state a claim on which relief can be granted.

(32)    Defendant would show that the claims and causes of action of Plaintiffs herein are barred, in whole or in part, by limitations and/or by laches.

(33)     Defendant would show that, while expressly denying any damages or injuries as alleged by Plaintiffs, as and to the extent such damages or injuries occurred, they were caused in whole or in part by the acts or omissions of Plaintiffs themselves or of other persons or entities over whom Defendant had no control.

(34)     Defendant would show that, while expressly denying any damages or injuries as alleged by Plaintiffs, as and to the extent such damages or injuries occurred, they constituted an economic loss only; and Defendant expressly denies that any non-pecuniary element of actual damages is recoverable herein.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that his Motion to Dismiss be granted in its entirety; that Plaintiffs take nothing by their claims and causes of action herein; and, subject to and without waiver of the foregoing, for such other and further relief, at law or in equity, to which Defendant might show himself justly entitled.

Respectfully submitted,

THORNTON, SUMMERS, BIECHLIN,
   DUNHAM & BROWN, L.C.
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037          Fax: 361/ 884-5239

**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Federal Rules of Civil Procedure, on this the __15th__ day of November,

2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384

_____
Vaughan E. Waters