IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

NOV 15 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| KATHY PEREZ AND § <br> ROGELIO MUNOZ, JR. § <br> § <br> VS. § <br> § <br> CLAYTON HOMES, INC.;CMH HOMES, § <br> INC.; VANDERBILT MORTGAGE AND § <br> FINANCE, INC.; BENJAMIN JOSEPH § <br> FRAZIER and KEVIN T. CLAYTON § | CIVIL ACTION NO.: 04-579 |

## *DEFENDANTS' ORIGINAL ANSWER*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **CLAYTON HOMES, INC.; CMH HOMES, INC.; VANDERBILT MORTGAGE AND FINANCE, INC.; and BENJAMIN JOSEPH FRAZIER**, Defendants, and submit this their Original Answer herein; and addressing *seriatim* the allegations of Plaintiffs' Original Petition, would respectfully show this Honorable Court as follows:

### I.

### ANSWER

(1) Responding to the party allegations of paragraph series two of Plaintiffs' Original Petition, as amended, Defendants admit on information and belief that Plaintiffs are citizens of the United States and residents of the State of Texas. Defendants generally admit on information and belief the jurisdictional averments as to CMH HOMES, INC.; VANDERBILT MORTGAGE AND FINANCE, INC.; and BENJAMIN JOSEPH FRAZIER. Defendants admit that CLAYTON HOMES, INC. is a foreign corporation, incorporated in the State of Delaware; except as expressly admitted, Defendants deny all jurisdictional allegations concerning CLAYTON HOMES, INC., but

would note that CLAYTON HOMES, INC. has appeared in a series of related underlying state court actions and has withdrawn a challenge to the state court's jurisdiction, by agreement between itself and Plaintiff. As to Co-Defendant KEVIN T. CLAYTON, Defendants admit that he is a non-resident individual; except as expressly admitted, Defendants deny all jurisdictional allegations concerning KEVIN T. CLAYTON.

(2) Defendants deny the venue and jurisdiction allegations of paragraph 3.1 of Plaintiffs' Original Petition, and would show that such matters are pertinent only to the underlying state court action.

(3) Defendants deny the venue and jurisdiction allegations of paragraph 3.2 of Plaintiffs' Original Petition in their entirety.

(4) Defendants deny the venue and jurisdiction allegations of paragraph 3.3 of Plaintiffs' Original Petition in their entirety.

(5) Defendants deny the standing allegations of paragraph 4.1 of Plaintiffs' Original Petition in their entirety.

(6) Defendants deny the allegations of paragraph 5.1 of Plaintiffs' Original Petition in their entirety.

(7) Defendants deny the allegations of paragraph 5.2 of Plaintiffs' Original Petition in their entirety.

(8) As to the allegations of paragraph 5.3 of Plaintiffs' Original Petition, Defendants admit only that KEVIN T. CLAYTON appears on the subject instrument in the capacity of a trustee; except as expressly admitted, Defendants deny the allegations of paragraph 5.3 in their entirety.

(9) Defendants deny the allegations of paragraph 5.4 of Plaintiffs' Original Petition in their entirety.

(10)   Defendants deny the allegations of paragraph 5.5 of Plaintiffs' Original Petition in their entirety.

(11)   Defendants deny the allegations of paragraph 6.1 of Plaintiffs' Original Petition in their entirety.

(12)   Defendants deny the allegations of paragraph 7.1 of Plaintiffs' Original Petition in their entirety.

(13)   Defendants deny the allegations of paragraph 8.1 of Plaintiffs' Original Petition in their entirety.

(14)   As to the allegations of paragraph 8.2 of Plaintiffs' Original Petition, Defendants admit only that KEVIN T. CLAYTON appears on the subject Deed of Trust in the capacity of a trustee; except as expressly admitted, Defendants deny the allegations of paragraph 8.1 in their entirety.

(15)   Defendants deny the allegations of paragraph 8.3 of Plaintiffs' Original Petition in their entirety.

(16)   Defendants deny the allegations of paragraph 8.4 of Plaintiffs' Original Petition in their entirety.

(17)   As to paragraph 9.1 of Plaintiffs' Original Petition, Defendants admit only that BENJAMIN JOSEPH FRAZIER was an employee of CMH HOMES, INC. at the time in question; except as expressly admitted, Defendants deny the allegations of paragraph 9.1 in their entirety.

(18)   As to paragraph 9.2 of Plaintiffs' Original Petition, Defendants admit only that KEVIN T. CLAYTON was and is an employee of CLAYTON HOMES, INC. at the time in question; except as expressly admitted, Defendants deny the allegations of paragraph 9.2 in their entirety.

(19)   Defendants deny the allegations of paragraph 9.3 of Plaintiffs' Original Petition in their entirety.

(20)   Defendants deny the allegations of paragraph 9.4 of Plaintiffs' Original Petition in their entirety.

(21)   Defendants deny the allegations of paragraph 9.5 of Plaintiffs' Original Petition in their entirety.

(22)   Defendants deny the allegations of paragraph 10.1 of Plaintiffs' Original Petition in their entirety.

(23)   Defendants deny the allegations of paragraph 10.2 of Plaintiffs' Original Petition in their entirety.

(24)   Defendants deny the allegations of paragraph 10.3 of Plaintiffs' Original Petition in their entirety.

(25)   Defendants deny the allegations of paragraph 10.4 of Plaintiffs' Original Petition in their entirety.

(26)   Defendants deny the allegations of paragraph 11.1 of Plaintiffs' Original Petition in their entirety.

## II.

### AFFIRMATIVE DEFENSES

(27)   Defendants would show that Plaintiffs have failed to state a claim on which relief can be granted.

(28)   Defendants would show that the claims and causes of action of Plaintiffs are barred, in whole or in part, by limitations and/or by laches.

(29) Defendants would show that, while expressly denying any damages or injuries as alleged by Plaintiffs, as and to the extent such damages or injuries occurred, they were caused in whole or in part by the acts or omissions of Plaintiffs themselves or of other persons or entities over whom Defendants had no control.

(30) Defendants would show that, while expressly denying any damages or injuries as alleged by Plaintiffs, as and to the extent such damages or injuries occurred, they constituted an economic loss only; and Defendants expressly deny that any non-pecuniary element of actual damages is recoverable herein.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiffs take nothing by their claims and causes of action herein; and for such other and further relief, at law or at equity, to which Defendants might show themselves justly entitled.

Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN, DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037      Fax: 361/ 884-5239

_____
**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Robert L. Guerra**
Federal Id No: 3781
State Bar No: 08578560
**Vaughan E. Waters**
Federal ID. No: 9206
State Bar No. 20916700
*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the  15   day of November, 2004.

Mr. Jeffrey G. Wigington
Mr. David L. Rumley
**WIGINGTON RUMLEY, L.L.P.**
800 North Shoreline
14th Floor - South Tower
Corpus Christi, Texas 78401

Mr. Baldemar Gutierrez
**LAW OFFICES OF BALDEMAR GUTIERREZ**
700 East 3rd Street
Alice, Texas 78332

Mr. Charles L. Barrera
**BARRERA & BARRERA LAW FIRM**
107 S. Seguin
San Diego, Texas 78384

Vaughan E. Waters